**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

TRISTEN CHARLES COOPCHIAK,

Petitioner,

v.

TRAVIS ATKINSON,

Respondent.

Case No. 3:26-cv-00299-SLG

## DEFICIENCY ORDER

On August 18, 2026, the Court received a Petition for a Writ of Habeas Corpus from self-represented prisoner Tristen Charles Coopchiak (Petitioner).[1] The documents have been filed in the District of Alaska's Case Management/Electronic Case Files (CM/ECF) system and assigned a case number, as set forth above. Docketed items are the official court record.

The fee for filing a petition for a writ of habeas corpus in federal court is $5.[2] There is no administrative fee.[3] A petitioner who cannot afford the $5 filing fee must file the completed and signed correct application form (District of Alaska Form PS10) and include with that application a statement from their prison trust account

[1] Docket 1.

[2] 28 U.S.C. § 1914(a).

[3] *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

for the past six months.[4]

On August 18, 2026, the Clerk of Court issued a text order informing Petitioner that this habeas action is deficient because Petitioner did not file a fully completed and signed Prisoner's Application to Waive Prepayment of the Filing Fee or a statement from Petitioner's prisoner trust account for the six months preceding the date the application to waive prepayment of the filing fee was filed.[5] The Clerk sent a copy of District of Alaska Form PS10 with that order.[6]

On August 25, 2026, Petitioner filed a signed Application to Waive Prepayment of the Filing Fee to Petitioner (District of Alaska Form PS10), but he did not attach a certified copy of his prison trust account statement to his application.[7] Therefore, this action remains deficient.

Petitioner is accorded **30 days of the date of this order** to either pay the $5 filing fee required by 28 U.S.C. § 1914(a) or file a renewed application on District of Alaska Form PS10 with the required statement from Petitioner's prisoner trust account for the six months preceding the date it is filed attached to the application.

---

[4] Local Civil Rule 3.1(c)(3). *See also* Rule 3(a)(2) of the Rules Governing Section 2254 Cases (specially requiring the affidavit required by 28 U.S.C. § 1915 along with the institutional account statement).

[5] Docket 2.

[6] Note: The CJA 23 Financial Affidavit Form is not an acceptable substitute for an application to waive the filing fee in a civil case. Likewise, the Court requires a fully completed and signed District of Alaska Form PS10, not AO Form 240.

[7] Docket 3.

Alternatively, Petitioner may pay the $5 filing fee at this time.[8]

**IT IS THEREFORE ORDERED:**

1. Petitioner's Application to Proceed Without Prepayment of Fees does not include copy of the statement for the last six months of Petitioner's prisoner trust account. Accordingly, Petitioner's motion at **Docket 3 is DENIED** without prejudice to filing a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 with an attached copy of the statement for the last six months of Petitioner's prisoner trust account or paying the $5 filing fee.

2. If Petitioner fails to fully comply with the preceding paragraph of this order **within 30 days of the date of this order**, this action will be dismissed without further notice to Petitioner.

3. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[9]

---

[8] *Cf. Naddi v. Hill,* 106 F.3d 275 (9th Cir. 1997) (holding that the provision of PLRA requiring prisoners bringing civil actions or appeals in civil actions to pay the full filing fee in monthly installments if they are permitted to proceed *in forma pauperis* does not apply to habeas corpus proceedings).

[9] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

4. At all times, Petitioner shall promptly update his contact information in this case by filing by filing a Notice of Change of Address. Petitioner may use the Court's Form PS23,[10] or he may file a document titled "Notice of Change of Address" that clearly states his new mailing address and its effective date. The Notice must not include requests for any other relief. Failure to keep a current address on file with the Court may result in dismissal of this case without further notice to Petitioner.

5. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

6. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedure or assistance accessing legal forms and

---

[10] Although the Court provides forms that are required for certain filings, the Court does not require a specific form to update an address. However, a Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

7. With this order, the Clerk of Court is directed to send to Petitioner: (1) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT," (2) Form PS10, Prisoner's Application to Waive Prepayment of the Filing Fee, and (3) Form PS23, Notice of Change of Address.

DATED this 26th day August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE